UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN AGUILERA GALEAS,

Petitioner,

v. Case No. 3:26-cv-2991-MMH-LL

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner Jonathan Aguilera Galeas, an immigration detainee, is proceeding on a pro se Petition for Writ of Habeas Corpus (Doc. 1). Aguilera Galeas, a citizen of Honduras, entered the United States on July 6, 2022. Doc. 5-1 at 2. United States Immigration and Customs Enforcement detained Aguilera Galeas on September 24, 2026. Id. at 9. An immigration judge ordered him removed to Honduras on October 5, 2026, id. at 7–8; and, he has a pending appeal of the removal order.[1] Aguilera Galeas challenges his immigration detention and seeks immediate release or, in the alternative, an individualized bond hearing. See Doc. 1 at 4–5.

---

[1] Aguilera Galeas does not yet have a final order of removal because an appeal of the order is pending. See 8 U.S.C. § 1101(a)(47)(B)(i) ("The order [of removal] . . . shall become final upon . . . a determination by the Board of Immigration Appeals affirming such order[.]").

The Federal Respondent filed a Response (Doc. 5) asserting that it is now detaining Aguilera Galeas under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior").

When Aguilera Galeas was detained in September 2026, he was not seeking entry at the border; therefore, as the Federal Respondent now concedes, he is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1. Aguilera Galeas's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond

hearing violates the Immigration and Nationality Act.[2] Within **seven days** of this Order, Respondents shall either afford Aguilera Galeas an individualized bond hearing consistent with 8 U.S.C. § 1226(a)[3] or release him. If Respondents release Aguilera Galeas, at least **five (5) hours** before releasing him, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility.

2. Respondent Warden's Motion to Dismiss (Doc. 4) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

---

[2] Because the Court finds that Aguilera Galeas is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[3] Aguilera Galeas is not entitled to immediate release. See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 11/9
c:
Jonathan Aguilera Galeas, #A241776479
Counsel of Record